UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>OSCAR RODRIGUEZ-RODRIGUEZ,<br><br>Defendant. | CASE NO. 3:22-cr-05027-DGE-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION (DKT. NO. 42) |

Defendant Oscar Rodriguez-Rodriguez seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, to the United States Sentencing Guidelines. (Dkt. No. 42.)  Defendant's less than one-page motion fails to provide any facts or legal argument supporting his sentence reduction request under Part B.  On this basis alone, Defendant's motion is DENIED.

Independently, the Government indicates Part A of Amendment 821 applies to Defendant; identifying that pursuant to Part A, Defendant's Criminal History Category should be II rather than III.  (Dkt. No. 45 at 2–3, 5.)

The Sentencing Commission implemented Amendment 821 in November 2023. Under Part A, a person who has six criminal history points or fewer is not penalized any additional criminal history status points for committing the instant offense while under probation, parole, supervised release, imprisonment, work release, or escape status. U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2024).

Defendant was sentenced to 96 months of custody on June 16, 2023. (Dkt. No. 40.) At that time, Defendant's offense level under the Sentencing Guidelines was 35 and his Criminal History Category was III. (Dkt. No. 34 at 5.) The Defendant's calculated criminal history score included two additional criminal history status points under former § 4A1.1 of the Sentencing Guidelines. Defendant's custody guideline range was calculated to be 210 to 262 months of custody. (*Id*. at 10.)

Based on the Part A of Amendment 821, Defendant's Criminal History Category is now a II because his criminal history score is calculated to be three, and he no longer is penalized any additional criminal history points based on new § 4A1.1(e); yielding a final custody guideline range of 188 to 235 months. However, Defendant's new custody guideline range remains higher than Defendant's custody sentence of 96 months. Part A of Amendment 821, therefore, does not impact Defendant's sentence.

18 U.S.C. § 3582(c)(2) allows for a sentence reduction where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" but only "if such a reduction is consistent with applicably policy statements issued by the Sentencing Commission." Under Section 1B1.10(b)(2)(A) of the Sentencing Guidelines, a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than

the minimum of the amended guideline range[.]" *See also Dillon v. United States*, 560 U.S. 817, 827 (2010) (a court is required "to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.").

Because Defendant's original term of imprisonment (96 months) remains lower than the calculated guideline range under Amendment 821 (188 to 235 months), there is no basis to reduce Defendant's sentence.

Accordingly, Defendant's motion for a sentence reduction under 18 U.S.C. § 3852(c)(2) and Amendment 821 (Dkt. No. 42) is DENIED.

Dated this 24th day of June, 2025.

David G. Estudillo
United States District Judge